Garrett v. Teller.

following is a copy," setting out the note.   The defendant obtained and served an alternative order for a bill of particulars, staying the plaintiff's proceedings in the mean time, and subsequently an order absolute.   The plaintiff disregarded the orders, on the ground that the notice served with the declaration was a bill of particulars, entered default, and proceeded to judgment and execution.

*A. Sheldon*, for the plaintiff, opposed the motion, and relied on the case of *Payne* v. *Smith*, 19 *Wendell*, 122.

GARRETT *vs.* TELLER.

A plaintiff cannot disregard a plea, and treat it as a nullity, for the want of being accompanied with an *affidavit of merits*, unless it appear by the declaration or the plaintiff's bill of particulars that the *written instrument* or record declared upon is the only cause of action *upon which the plaintiff relies*.

A notice attached to a declaration on the common counts, that the suit is brought against the defendant as a party to two promissory notes, of which copies are given, is not such a specification of the *only cause of action* on which a recovery is claimed, as will authorize a plaintiff to treat a plea as a nullity, which is not verified by affidavit.

Garrett v. Teller.

*C. D. Witt,* for the defendant, moved to set aside the default and subsequent proceedings. The action was commenced in July last. Declaration in assumpsit on the common counts, to which was annexed a notice that "this suit is brought against you as a party to two promissory notes, of which the following are copies"—then followed copies of the notes. The defendant's attorney tendered a plea of the general issue in due time, but the plaintiff's attorney refused to receive it because it was not accompanied by an affidavit of merits, pursuant to the first rule of May term, 1840.* He entered default, and proceeded to judgment.

*J. Edwards,* for the plaintiff.

---

*GENERAL RULES, ADOPTED MAY TERM, 1840.

I. In actions upon any written instrument or record which shall be described in, or a copy of which shall be served with the declaration, the plaintiff may disregard any plea in bar concluding to the country, unless the same shall be accompanied by an affidavit that the defendant has fully and fairly stated the case to ———, of ———, his counsel, and that he has a good and substantial defence on the merits to the whole, or some part of the plaintiff's demand on the bill of exchange, promissory note, or other written instrument, or the judgment, recognizance or other record on which the action is brought, as he is advised by his counsel and verily believes to be true. The plaintiff may also disregard any plea in bar concluding with a verification, unless the same shall be accompanied by an affidavit that the defendant verily believes the plea to be true in substance and matter of fact.

When a sufficient reason is shown why the affidavit is not made by the defendant, the same may be made by his counsel, attorney, or agent, stating particularly his means of knowledge in relation to the defence or plea.

This rule shall only apply in cases where it shall appear by the declaration or the plaintiff's bill of particulars, that the written instrument or record is the only cause of action on which the plaintiff relies.

II. On special motions upon notice, when costs shall be allowed to the moving party, the whole amount of such costs shall be ten dollars; and when costs shall be allowed to the opposing party, the whole amount of such costs shall be seven dollars: but "in peculiar and important cases" the gross amount of costs allowed to either party may be increased to a sum not exceeding twenty dollars.

III. The following clause shall be added to the 31st general rule of this court: "But the judge, on granting the order, may limit its effect, by declaring how far it shall operate as a stay of proceedings. When the discovery shall not be made in proper time, and no sufficient cause shall be shown, the judge may make such order for nonsuiting the plaintiff, striking out the defendant's plea or notice, or debarring him from any particular defence, as

Jenkins v. Bloodgood.

*By the Court,* BRONSON, J. The rule referred to by the plaintiff is expressly limited to cases "where it shall appear by the declaration, or the plaintiff's bill of particulars, that the written instrument or record is the *only cause of action on which the plaintiff relies."* There can be no hardship in requiring, as we intend to do, a strict compliance with the rule. The notice did not amount to a bill of particulars, and the plaintiff had no right to disregard the plea.

Motion granted.*

* See *Reynolds* v. *Woods, ante p.* 642.